**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SYLVESTER N. OTIJI, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 1:24-cv-03315-JMC |
| BOARD OF TRUSTEES OF THE UNIVERSITY OF THE DISTRICT OF COLUMBIA, et al., | : |
| Defendants. | : |

**JOINT LOCAL CIVIL RULE 16.3 REPORT**

Pursuant to Local Civil Rule 16.3 and this Court's May 29, 2025 Order, Plaintiff Sylvester Otiji and Defendants Board of Trustees of the University of the District of Columbia ("University") and individual defendants Majeeda Al-Jabbar, Madeline Levy-Cruz, Mashonda Smith, and Katharine Bruce ("Individual Defendants") (collectively the University and the Individual Defendants are referred to as "Defendants"), by and through their undersigned counsel, hereby submit their joint report which outlines the parties' positions with respect to the topics listed in Local Civil Rule 16.3. A meeting was held via telephone on July 3, 2025 between Kissinger Sibanda, counsel for Plaintiff, and Anessa Abrams, counsel for Defendants. A proposed Scheduling Order is attached hereto as Exhibit A.

## Local Civil Rule 16.3 Topics

1. *Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.*

There are currently no dispositive motions pending. The reasoning for the Court's May 29, 2025 Order on the Motions to Dismiss will be set forth during the July 11, 2025 Scheduling Conference. The parties may file dispositive motions after the close of discovery. Defendants believe this matter may be disposed of, in whole or in part, by dispositive motion. Plaintiff believes that this matter needs a jury trial upon which the issues will be determined by Dr. Otiji's peers: specifically, there are issues of genuine fact beyond the province of any summary judgment ruling.

2. *The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.*

The Court's May 29, 2025 Order on the Motions to Dismiss narrowed Plaintiff's claims and causes of action. The parties request that any motions to amend pleadings or join additional parties be filed by no later than August 30, 2025.

3. *Whether the case should be assigned to a magistrate judge for all purposes, including trial.*

The parties do not consent to assign this case to a Magistrate Judge for all purposes.

4. *Whether there is a realistic possibility of settling the case.*

Both parties do not believe settlement of this case is likely at this time. The parties will continue to evaluate whether settlement may be likely in the future.

    5.    *Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.*

As noted above, both parties do not believe that settlement is likely at this time. Thus, the parties do not believe that ADR will be beneficial at this time.

    6.    *Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.*

As noted above, the parties may file dispositive motions after the close of discovery. Defendants believe this matter may be disposed of, in whole or in part, by dispositive motion. Plaintiff does not believe that a summary judgment will dispose of this matter. Defendants request that any dispositive motions shall be filed by no later than February 27, 2026.

    7.    *Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what changes if any should be made in the scope, form or timing of those disclosures.*

Defendants request to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1). Plaintiff does not stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1).

    8.    *The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.*

The parties do not request any changes to the numerical limits placed on interrogatories or depositions set by the Federal and/or local rules. The parties request that each side be limited to serving no more than forty (40) requests for production. The parties request that all discovery be completed by January 12, 2026. At this time, the parties are not certain whether a protective

order will be needed to protect confidential information. If a protective order is necessary, the parties will work together to agree upon language and submit it to the Court for approval.

> 9. *Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.*

At this time, the parties do not anticipate any issues regarding electronically stored information.

> 10. *Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.*

The parties agree that if privileged information is inadvertently disclosed during discovery, regardless of the form, the recipient of the privileged information will, on request of the producing party, return the information to the producing party and destroy all copies of the privileged information. The parties request that the Court include in an Order language consistent with Fed. R. Evid. 502 concerning the inadvertent disclosure of privileged information. In the event the parties request that the Court enter a protective order, the protective order will include language consistent with Fed. R. Evid. 502.

> 11. *Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified, and whether and when depositions of experts should occur.*

At this time, the defendants do not anticipate the need for expert witnesses in this matter, but reserve the right to designate experts. Plaintiff anticipates the need for an expert witness. The parties propose the following deadlines for experts:

Proponent's expert report(s) due October 10, 2025

Opponent's expert report(s) due November 19, 2025

Reply expert report(s) due December 8, 2025

Deadline for expert depositions January 12, 2026

12. *In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

Not applicable.

13. *Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.*

At this time, the parties do not believe that the trial or discovery should be bifurcated or managed in phases, except as set forth herein.

14. *The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).*

The parties request that the pretrial conference be scheduled no earlier than 90 days after the Court's ruling on any dispositive motions, if such motions are denied, or no earlier than 90 days after the close of discovery in the event dispositive motions are not filed.

15. *Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

The parties request that the trial date be set at the pretrial conference.

16. *Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.*

There are no other matters appropriate for inclusion in a scheduling order at this time.

Respectfully submitted,

/s/ Kissinger Sibanda
Dr. Kissinger Sibanda (DC Bar No. 1017426
The Law Office of Kissinger N. Sibanda, PLLC
1802 Vernon Street, NW
PMB 558
Washington, DC 20009
*Attorney for Plaintiff*


/s/ Anessa Abrams
Anessa Abrams (Bar No. 448789)
aabrams@fordharrison.com
FordHarrison LLP
2000 M Street, N.W.
Suite 505
Washington, DC 20036
(202) 719-2000
(202) 719-2077 FAX
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of July, 2024, I caused a true and correct copy of the foregoing **JOINT LOCAL CIVIL RULE 16.3 REPORT** to be filed with the Court using the Court's CM/ECF electronic filing system, which will notify Judge's Chambers and counsel of record.

                                                  /s/ Anessa Abrams
                                                  Anessa Abrams

WSActiveLLP:114397976.1